IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA for the
use of YEAROUT MECHANICAL, INC.,
a New Mexico corporation,

          Plaintiff,

vs.	Civ. No. 10-465 JCH/KBM

AUSTIN COMMERCIAL CONTRACTORS,
L.P., a Delaware limited partnership,
FEDERAL INSURANCE COMPANY, FIDELITY
AND DEPOSIT COMPANY OF MARYLAND, and
TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

          Defendants.

## ORDER

This matter came before the Court on Plaintiff's *Motion to Reconsider*, filed April 11, 2011 [Doc. 53]. The Court, having carefully considered the motion, briefing, and relevant law, and being otherwise fully informed, finds that Plaintiff's motion to reconsider is not well taken and should be DENIED.

Plaintiff brings its motion to reconsider pursuant to Fed. R. Civ. P. 54. *See* Doc. 53 at 1. Technically, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). However, Rule 54(b) grants a district court the discretion to revise interlocutory orders at any time prior to entry of a final judgment. *See Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). When evaluating whether to reconsider an interlocutory order pursuant to Rule 54(b), courts apply the same legal standard as used for a motion to alter or amend a

judgment under Rule 59(e). *See Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 326-27 (D. Kan. 2002).

Under Rule 59(e), a motion to reconsider is warranted in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, "a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

In this case, Plaintiff has presented no new evidence or change in controlling law. Plaintiff's argument that Defendant Austin Commercial Contractors has not complied with conditions precedent to arbitration is also unavailing, as this is a procedural issue that should be left to the arbitrator to determine. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (whether steps that are prerequisites to arbitration have been met is a question for the arbitrator rather than a court). The Court already conducted a *de novo* review of the record and fully considered the arguments by both parties and the authorities cited therein prior to reaching its decision. Nothing presented by Plaintiff in its motion inclines the Court to change its ruling.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reconsider* [Doc. 53] is DENIED.

_____
UNITED STATES DISTRICT JUDGE